UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

IN ADMIRALTY

C/A NO.: 2:25-cv-13257-DCN

IN THE MATTER OF LAURA GRIMALDI,
AS OWNER, COLE GRIMALDI AND
NICHOLAS GRIMALDI AS PURPORTED
OWNER/OWNER *PRO HAC VICE* OF
THE 2013 SEA-DOO PERSONAL WATERCRAFT
BEARING HULL IDENTIFICATION NUMBER
YDV07555A313 AND NICHOLAS GRIMALDI
OWNER AND COLE GRIMALDI AS OWNER
*PRO HAC VICE* OF THE 2013 SEA-DOO PERSONAL
WATERCRAFT BEARING HULL IDENTIFICATION
NUMBER YDV08944B313 FOR EXONERATION
FROM OR LIMITATION OF LIABILITY,

    Petitioners.

_____/

**PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioners, LAURA GRIMALDI, as owner, and COLE GRIMALDI, and NICHOLAS GRIMALDI, as owners *pro hac vice* of the 2013 Sea-Doo bearing hull identification No.: YDV07555A313 and NICHOLAS GRIMALDI, as owner, and COLE GRIMALDI, as owner *pro hac vice* of 2013 Sea-Doo bearing hull identification No.: YDV08944B313, their Engines, Appurtenances, Equipment, etc. (hereinafter, "Petitioners") hereby file this action for exoneration from or limitation of liability, civil and maritime, alleges:

**JURISDICTION**

1. This is an action within the Court's admiralty and maritime jurisdiction pursuant to Article III, Section 2 of the United States Constitution, 28 U.S.C. §§ 1333, 46 U.S.C. Appx. §§30501-30502 *et seq.*, and Adm. Rule F, and Fed.R.Civ.P. 9(h) as set forth more fully below.

2. The underling incident involves a collision between two vessels resulting in a personal injury claim which occurred upon the navigable waters of the United States and had the potential to disrupt maritime commerce.

## THE PETITIONERS AND VESSELS

3. LAURA GRIMALDI is the documented owner of a 2013 Sea-Doo Bearing Hull Identification Number YDV07555A313 (hereinafter, "Vessel 1").

4. COLE GRIMALDI and NICHOLAS GRIMALDI are the purported/owners *pro hac vice* of Vessel 1.

5. On April 19, 2025, Vessel 1 has a value of Fourteen Thousand, Five Hundred Seventeen Dollars and Zero Cents (USD $14,517.00).

6. NICHOLAS GRIMALDI is the documented owner of the 2013 Sea-Doo bearing hull identification No.: YDV08944B313 ("Vessel 2").

7. COLE GRIMALDI is the purported/owner *pro hac vice* of the Vessel 2.

8. Vessel 2 has a value of Eight Thousand Dollars and Zero Cents ($8,000.00).

9. The Vessels are owned by Petitioners with no known liens.

10. At all times material hereto, the Vessels were in all respects tight, strong, staunch, properly manned, equipped, and supplied, was in all respects seaworthy and fit for the service in which they were engaged.

## THE INCIDENT

11. On April 19, 2025, the Vessels were on a pleasure voyage on the Wando River near the Mark Clark Expressway in Charlston, South Carolina.

12. No freight was pending for the voyage.

13. The Wando River near Mark Clark Expressway is a part of the navigable waters of the United States.

14. During the voyage, Vessel 2, operated by Finley Siegel, attempted to cross Vessel 1 from Vessel 1's port side and collided with Vessel 1 operated by COLE GRIMALDI.

15. It is claimed that Finley Siegel sustained personal injuries from the collision.

16. As Vessel 1 was on the starboard side of Vessel 2, 33 C.F.R §83.15(a) required Finley Siegel to keep out of the way of Vessel 2 in his operation of Vessel 1.

17. As Vessel 2 was on Vessel 1's port side, COLE GRIMALDI complied with 33 C.F.R. § 83.17 by keeping his course and speed while Vessel 2 attempted to cross.

18. Finley Siegel, in his operation of Vessel 2, failed to keep out of the way of Vessel 1 as required by 33 C.F.R. § 83.17 and; therefore, his operation of Vessel 2 was the sole cause of the collision.

19. The April 19, 2025 incident was not caused or contributed to by any fault, neglect, or lack of care on the part of the Petitioners, the Vessels, or other person for whom Petitioners were, or is, responsible.

20. As such, Petitioners are to be exonerated from liability for all claims, damages, and destruction done, occasioned, or incurred by any reason of the matters aforesaid we regard to the alleged incident.

21. In the alternative, and without admitting liability, in the event they, the Vessels, or any person for whom they may be found at fault and liable to any parties, including Finley Siegel, Petitioners claim the benefit of the limitation of liability as provided in 46 U.S.C. §§30504-30512 and all laws supplementary thereto and amendatory thereof as such negligence or condition of the Vessels upon which fault was determined was not within the Petitioners' privity or knowledge.

22. On August 25, 2025, Finley Siegel, through legal counsel, provided Petitioners written notice of a claim for damages concerning the alleged incident.

23. Petitioners will file security in appropriate form equal to that of Petitioners' interest in the Vessels immediately after the incident and/or at close of the voyage, together with interest at the rate of 6% per annum, from the date of the alleged incident, and for costs or transfer their interest in the Vessels to a Court appointed trustee for the benefit of the claimants.

WHEREFORE, Petitioners pray:

A. This Honorable Court enters an Order approving the security filed by Petitioners equaling Petitioners' interest in the Vessels immediately after the incident and/or at the end of its scheduled voyage as described above or such other amount that may be lawfully ordered by the Court, with interest as provided by law or appoint a trustee to accept Petitioners' interest in the Vessels.

B. That upon filing of the security or transfer of interest in the Vessels, the Court enter an order directing issuance of a notice to all persons, firms, and corporations claiming damage for any and all losses, damages, destructions, deaths, or injuries, resulting from the alleged incident of April 19, 2025, admonishing each of them to file their claim with the Clerk of this Court and serve copies of said claims on the attorney for Petitioners on or before the date fixed by the Court in the notice or be forever barred or permanently enjoined from making or filing any such claims, to make due proof of their respective claims before this Court, and to appear and answer the allegations of this Complaint according to the law and rules and practices of this Court on or before a certain time to be fixed by the notice.

C. That upon filing security or transfer of interest in the Vessels, the Court enter an Order staying prosecution of all suits and proceedings against Petitioners, to recover damages allegedly

arising out of or resulting from the alleged incident of April 19, 2025, described above, and from this time forward restraining commencement of any suit, action, or legal proceeding of any claim arising out of the incident or voyage described above.

D.    That the Court enter judgment that Petitioners and the Vessels are not liable for any losses, damages, deaths, injuries, destruction, or any other claim whatsoever arising out of the incident of April 19, 2025, or out of the voyage described herein and that accordingly Petitioners be exonerated from any and all liability which has been or may be claimed against them as a result of this voyage and incident; in the alternative, if such liability is found to exist, that Petitioners' liability be limited to the amount of the value of Petitioners' interest in the Vessels and pending freight immediately after the above-mentioned incident of April 19, 2025, and that the money or security paid be divided pro rata among such Claimants as may duly prove their claims before this Court, saving to all parties any priorities they may be legally entitled to; and that a judgment and decree be entered discharging Petitioners and the Vessels of and from all further liability and forever enjoining and prohibiting filing and prosecution of any claims against Petitioners or their property in consequence of or in connection with the matters and happening referred to in this Complaint.

E.    That Petitioners have such other and further relief, both equitable and general, to which it may show that it is justly entitled to receive.

**Respectfully submitted,**

WHELAN MELLEN & NORRIS, LLC

By: _s/ Elizabeth F. Morrison_
    Elizabeth F. Morrison, Federal Bar No. 11568
    E-Mail: elizabeth@whelanmellen.com
    89 Broad Street
    Charleston, SC 29401
    (843) 277-1151

- and -

Richard D. Rusak, Esq.
COLE SCOTT & KISSANE
9150 South Dadeland Blvd.
Suite 1400
Miami, FL 33156
(786) 268-6475
Richard.Rusak@csklegal.com

(pro hac vice application pending)

*Counsel for Petitioners*

November 3, 2025
Charleston, South Carolina